**UNITED STATES of America, Plaintiff–Counter–Defendant– Appellee,**

**v.**

Jacob **ROZBRUCH,** Marsha Rozbruch, East 72nd Street Orthopaedic Surgery Specialists, PC, Defendants–Cross–Defendants–Appellants.

No. 14–4330.

United States Court of Appeals, Second Circuit.

Nov. 2, 2015.

Jeremy Klausner (Lawrence Sannicandro, on the brief), Agostino & Associates, Hackensack, NJ, for Appellants.

Tomoko Onozawa, Assistant United States Attorney (Benjamin Torrance, Assistant United States Attorney, on the brief), for Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

PRESENT: CHESTER J. STRAUB, RICHARD C. WESLEY and DEBRA ANN LIVINGSTON, Circuit Judges.

Defendants–Appellants Jacob Rozbruch, Marsha Rozbruch, and East 72nd Street Orthopaedic Surgery Specialists, P.C. (collectively "Appellants") appeal from a judgment of the United States District Court for the Southern District of New York, entered pursuant to Federal Rule of Civil Procedure 54(b), against the Rozbruchs for

---

unpaid Trust Fund Recovery Penalty ("TFRP") liabilities. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.[1]

Appellants argue that the District Court erred in holding that TFRPs imposed pursuant to Section 6672(a) of the Internal Revenue Code, 26 U.S.C. § 6672(a), do not trigger the written supervisory approval requirement of Section 6751(b)(1), *id.* § 6751(b)(1). But even assuming, without deciding, that TFRPs are governed by Section 6751(b)(1), the record here nevertheless supports a finding that the Government functionally satisfied Section 6751(b)(1)'s written supervisory approval requirement. Thus, we affirm the District Court's grant of summary judgment, which reduced to judgment Appellants' unpaid TFRPs. *See Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir.2006) ("[W]e are free to affirm a decision on any grounds supported in the record, even if it is not one on which the trial court relied.").

We have considered all of Appellants' remaining arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the District Court is **AFFIRMED**.

---

1. We review the district court's grant of summary judgment *de novo*. *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 546 (2d Cir.2010).